09-2264-ag
Parnanthu v. Holder

BIA
Straus, IJ
A 077 022 500

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7ᵗʰ day of May, two thousand ten.

PRESENT:
> ROBERT D. SACK,
> ROBERT A. KATZMANN,
> GERARD E. LYNCH,
> > *Circuit Judges*.

_____

ARULTHAS PARNANTHU,
> *Petitioner*,

v.                                                    09-2264-ag

                                                       NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,
> *Respondent*.

_____

FOR PETITIONER:          Joseph A. Devamithran, Annandale,
                         Virginia.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Ernesto H. Molina, Jr.,
                         Assistant Director; Yanal Yousef,
                         Trial Attorney, Office of
                         Immigration Litigation, Washington
                         D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Arulthas Parnanthu, a native and citizen of Sri Lanka, seeks review of the April 29, 2009, order of the BIA affirming the December 12, 2008, decision of Immigration Judge ("IJ") Michael W. Straus denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Arulthas Parnanthu*, No. A 077 022 500 (B.I.A. Apr. 29, 2009), *aff'g* No. A 077 022 500 (Immig. Ct. Hartford, CT Dec. 12, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's decisions. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Substantial evidence supports the agency's adverse credibility determination. Contrary to Parnanthu's argument

2

that the IJ impermissibly revisited his previous credibility determination on remand, because the BIA specifically directed the IJ to consider the material support and terrorism bars "as well as any other issues," it did not preclude the IJ from considering the new evidence and testimony and finding Parnanthu not to be credible.  *See Chupina v. Holder*, 570 F.3d 99, 103 (2d Cir. 2009) (citing *Matter of Patel*, 16 I&N Dec. 600, 601 (BIA 1978) ("[R]emand is effective for the stated purpose and for consideration of any and all matters which the [immigration judge] deems appropriate in the exercise of his administrative discretion or which are brought to his attention in compliance with the appropriate regulations.")).

There is also no indication that the BIA applied an incorrect legal standard to its review of the IJ's adverse credibility determination.  Although Parnanthu argues that any inconsistencies did not go to the heart of his claim, under the REAL ID Act, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that the asylum applicant is not credible."  *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008)(quoting 8 U.S.C.

3

§ 1158(b)(1)(B)(iii)) (emphasis in original); *see also Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (BIA 2007) (finding that "the REAL ID Act no longer requires the trier of fact to find a nexus between inconsistencies and the 'heart of the claim'").

Furthermore, although Parnanthu also argues that the BIA failed to consider the record as a whole and refused to apply any weight to his testimony, those arguments are without merit. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 ("[W]e presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise."). In its decision, the BIA noted the specific inconsistencies it relied on in affirming the IJ's adverse credibility determination. Parnanthu does not explain what record evidence the BIA failed to consider, or how that evidence would have affected his credibility.

Finally, we find no merit in Parnanthu's argument that the IJ erred in considering the false statements he made during his unsuccessful Canadian asylum proceeding. As the BIA noted, Parnanthu falsely stated in his Canadian application that he was arrested by the Sri Lankan army in

4

March 1999 and detained for four months, later admitting that he made that statement "because he wanted to obtain relief."  The agency did not err in relying on that inconsistency.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

In sum, the agency's credibility determination was supported by substantial evidence.  *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin*, 534 F.3d at 167.  Therefore, the agency did not err in denying Parnanthu's application for asylum and withholding of removal.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

Parnanthu does not challenge the agency's denial of his application for CAT relief and has therefore waived any such challenge.  *See Yueging Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  Having completed our review, we DISMISS the petitioner's pending motion for a stay of removal as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5