Parnanthu v. Holder

BIA
Straus, IJ
A077 022 500

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of July, two thousand twelve.

PRESENT:
    GUIDO CALABRESI,
    RICHARD C. WESLEY,
    DEBRA ANN LIVINGSTON,
        *Circuit Judges.*

_____

ARULTHAS PARNANTHU,
        *Petitioner,*

    v.                                    11-3261
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Joseph A. Devamithran, Law Office of
                       Joseph A. Devamithran, Annandale,
                       Virginia.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Jamie M. Dowd,

**Senior Litigation Counsel; Yanal Yousef, Trial Attorney, Office of Immigration Litigation; U.S. Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Arulthas Parnanthu, a native and citizen of Sri Lanka, seeks review of a July 12, 2011, decision of the BIA affirming the February 17, 2011, decision of Immigration Judge ("IJ") Michael W. Straus, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Arulthas Parnanthu,* No. A077 022 500 (B.I.A. July 12, 2011), *aff'g* No. A077 022 500 (Immig. Ct. Hartford Feb. 17, 2011). We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir. 2008); *Bah v. Mukasey*, 529 F.3d 99,

110 (2d Cir. 2008).

The agency concluded that Parnanthu failed to demonstrate a pattern or practice of persecution of Tamils and declined to disturb its prior denial of CAT relief. Parnanthu challenges only the agency's denial of CAT relief. We conclude that the agency reasonably determined that Parnanthu did not sustain his burden of demonstrating his eligibility for this form of relief because he failed to establish that he will more likely than not be tortured if returned to Sri Lanka. *See* 8 C.F.R. §§ 1208.16(c), 1208.17.

In his brief, Parnanthu argues that he is likely to be tortured in Sri Lanka because he had been tortured in the past. However, the agency previously found Parnanthu's claims of past harm not credible. In a previous petition for review, we found that determination to be supported by substantial evidence, *Parnanthu v. Holder*, 376 F. App'x 68, 69-70 (2d Cir. 2010), and the BIA left the adverse credibility finding undisturbed in its July 2011 order, *In re Arulthas Parnanthu,* No. A077 022 500 (B.I.A. July 12, 2011). Thus, Parnanthu's allegations of past harm are insufficient to give rise to an inference of future harm.

Moreover, in the section of his brief addressing whether the agency's CAT decision is supported by

3

substantial evidence, Parnanthu only advances an argument that he will be tortured if returned to Sri Lanka predicated on his discredited allegations of past harm. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 185 (2d Cir. 2004). Accordingly, Parnanthu has failed to substantially contest the agency's finding that he did not establish a likelihood of torture if returned to Sri Lanka and therefore has waived any challenge to the agency's denial of CAT relief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

We decline Parnanthu's invitation to address whether there is a "duress defense" implicit in the definition of the term "material support" in Immigration and Nationality Act ("INA") § 212(a)(3)(B)(iv)(VI). As the agency noted, its brief discussion of the issue was not essential to the resolution of this case. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976). Finally, Parnanthu has not contested the dispositive grounds for the denial of asylum and withholding of removal, namely, the agency's conclusions that he was not credible as to his past persecution and had failed to demonstrate a pattern or practice of persecution of returning Tamil asylum seekers. As such, he has waived any challenge on the point. *See*

4

*Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998).

For the foregoing reasons, the petition for review is DENIED.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk