MATTER OF CHAMIZO

In Deportation Proceedings

A-11385946

*Decided by Board November 28, 1969*

Since the Service regulations require that in deportation proceedings an order be entered which will result in the proceedings being processed to a final conclusion, the special inquiry officer's grant of indefinite voluntary departure, without more, after a finding of respondent's deportability, was in error, and the case is remanded by the Board to the special inquiry officer to set a time within which such voluntary departure shall take place, to include an alternate order of deportation, and for a decision on respondent's application for withholding of deportation under section 243(h) of the Immigration and Nationality Act.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entry without inspection.

ON BEHALF OF SERVICE: R. A. Vielhaber
Appellate Trial Attorney

Henry J. Scroope, Jr.
Trial Attorney
(Brief filed)

The special inquiry officer has certified his decision to use for consideration and final determination. In his decision of September 4, 1968, he found the respondent deportable as charged and denied her application for adjustment of status to that of a permanent resident pursuant to the provisions of section 1 of the Act of November 2, 1966, P.L. 89–732 (commonly referred to as the Cuban Refugee Act). He granted the respondent the privilege of voluntary departure but did not set any date within which such departure must be effected. Because of granting voluntary departure for an indefinite period of time, he did not enter an alternate order of deportation. There was pending before him an application for withholding of deportation to Cuba pursuant to section 243(h) of the Immigration and Nationality Act, but such application was not acted upon in view of his decision. Although

435

the case is before us on certification by the special inquiry officer, the Immigration and Naturalization Service filed a separate appeal to the decision contending that it was wrong on the law and the facts.

The respondent is a 42-year-old married female alien, a native and citizen of Cuba, who arrived in the United States at Laredo, Texas on October 15, 1959, having entered the country without being properly inspected and admitted as an alien. At the original deportation hearing, held on November 19, 1959, she admitted all of the allegations of fact contained in the order to show cause and conceded deportability. At that time, she was ordered deported from the United States. No discretionary relief was granted because none was requested. The proceedings were reopened in 1967 so that respondent could apply for adjustment of status under the recently enacted Cuban Refugee Act.

Public Law 89–732 provides as follows:

Notwithstanding the provisions of section 245(c) of the Immigration and Nationality Act, the status of any alien who is a native or citizen of Cuba and who has been *inspected and admitted or paroled* into the United States subsequent to January 1, 1959 . . . may be adjusted by the Atttorney General . . . to that of an alien lawfully admittted for permanent residence . . . (emphasis supplied).

Since the respondent admittedly entered the United States without inspection, she was not eligible for adjustment of status under this law and the special inquiry officer was correct in denying her application. Her entering without inspection also renders her deportable as charged.[1]

We will not disturb the special inquiry officer's decision to extend to the respondent the privilege of voluntary departure. We do, however, find error in his granting such voluntary departure for an indefinite period of time and his failure to enter an alternate order of deportation. When voluntary departure is granted pursuant to the provisions of section 244(e) of the Act, it is incumbent upon the special inquiry officer in accordance with 8 CFR 244.1 to set a time within which such departure shall take place, and he is further required by 8 CFR 242.18(c) to enter an order which will lead to a final concluding of the deportation proceedings. These sections of law are as follows:

**8 CFR 244.1**

Pursuant to Part 242 of this chapter and section 244 of this Act, a special inquiry officer in his discretion may authorize the suspension of an alien's deportatiton, or if the alien establishes that he is willing and has the immedi-

See *Matter of Estrada-Betancourt*, 12 I. & N. Dec. 191 (B.I.A., 1967).

ate means with which to depart promptly from the United States, a special inquiry officer in his discretion may authorize the alien to depart voluntarily from the United States in lieu of deportation *within such time as may be specified* by the special inquiry officer when first authorizing voluntary departure, and under such conditions as the District Director shall direct. (emphasis supplied)

### 8 CFR 242.18(c)
#### Order of the Special Inquiry Officer

The order of the special inquiry officer shall direct the respondent's deportation, or the termination of the proceedings, or such other disposition of the case as may be appropriate. When deportation is ordered, the special inquiry officer shall specify the country, or countries in the alternate, to which respondent's deportation shall be directed. The special inquiry officer is authorized to issue orders in the alternate or in combination as he may deem necessary.

We hold that 8 CFR 242.18(c) requires that in deportation proceedings an order be entered which will result in the proceedings being processed to a final conclusion, whether by the deportation of the alien, the termination of proceedings or the granting of some form of discretionary relief as provided in the Act.[2] Further, we interpret 8 CFR 243.1 as indicating that it is incumbent upon the special inquiry officer to include an alternate order of deportation in his order.

### 8 CFR 243.1
#### Final Order of Deportation

Except as otherwise required by section 242(c) of the Act for the specific purposes of that section, an order of deportation, *including an alternate order of deportation coupled with an order of voluntary departure,* made by the special inquiry officer in proceedings under Part 242 of this chapter shall become final upon dismissal of an appeal by the Board of Immigration Appeals, upon waiver of appeal, or upon expiration of the time allotted for an appeal when no appeal is taken . . . (emphasis supplied)

As in the instant case, the granting of voluntary departure without an alternate order of deportation leaves the proceedings unresolved and incomplete. We point out also that the District Director is charged with the duty under 8 CFR 243.2 of carrying out the deportation of aliens found deportable by the issuance of a warrant of deportation. In the instant case he is powerless to act since there has been no final administrative order of deportation on which a warrant could be based, although respondent has been found deportable as charged.

We shall remand the case for the special inquiry officer to enter a proper order in accordance with this opinion. The grant of vol-

---

[2] See *Matter of Irie,* 10 I. & N. Dec. 372 (B.I.A., 1963).

untary departure must provide for a definite time within which to depart and be coupled with an alternate order of deportation in the event respondent does not depart within that time. If respondent desires any extension of the time within which to depart, her request should be made to the District Director, who has the sole authority under 8 CFR 244.2 to grant such an extension.

The record reflects that the respondent requested the discretionary relief of temporary withholding of deportation to Cuba pursuant to section 243 (h), Immigration and Nationality Act, but the special inquiry officer, although stating that he would look upon the request with favor, did not act on it, undoubtedly because his grant of indefinite voluntary departure had the same effect of allowing respondent to remain in the United States. Since the special inquiry officer's order will now contain an alternate order of deportation, we will direct that the special inquiry officer now give consideration to the application for withholding of deportation and incorporate his finding in his order.

**ORDER:** It is ordered that the case be remanded to the special inquiry officer for further proceedings in accordance with this opinion.