# Matter of I-S- & C-S-, Respondents

*Decided January 10, 2008*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

When an Immigration Judge issues a decision granting an alien's application for withholding of removal under section 241(b)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1231(b)(3) (2000), without a grant of asylum, the decision must include an explicit order of removal.

FOR RESPONDENTS: Pro se

AMICI CURIAE:[1]  Michael M. Hethmon, Esquire, and Sharma Hammond, Esquire, Washington, D.C.; Jayne E. Fleming, Esquire, Oakland, California

FOR THE DEPARTMENT OF HOMELAND SECURITY: Sylvie C. Khayat, Assistant Chief Counsel

BEFORE: Board Panel: OSUNA, Acting Chairman; HOLMES and GRANT, Board Members.

GRANT, Board Member:

In a decision dated October 18, 2004, an Immigration Judge found the respondents removable and pretermitted their applications for asylum as untimely filed. However, the Immigration Judge granted their applications for withholding of removal pursuant to section 241(b)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1231(b)(3) (2000), and accordingly denied as moot their request for protection under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted and opened for signature* Dec. 10, 1984, G.A. Res. 39/46. 39 U.N. GAOR Supp. No. 51, at 197, U.N. Doc. A/RES/39/708 (1984) (entered into force June 26, 1987; for the United States Apr. 18, 1988). The Department of Homeland Security ("DHS") appealed the Immigration Judge's grant of withholding of removal,

---

[1] We acknowledge with appreciation the thoughtful arguments raised in the briefs submitted by amici curiae.

but later withdrew its appeal on September 1, 2005.[2]  On February 23, 2006, the DHS filed a motion requesting that the Immigration Judge amend his order to include language ordering each of the respondents removed to Indonesia or, in the alternative, any other country, prior to granting withholding of removal. In a decision dated September 13, 2006, the Immigration Judge denied the DHS's motion.  The DHS has appealed from that decision. The appeal will be sustained and the record will be remanded to the Immigration Judge.

The respondents are married natives and citizens of Indonesia who were admitted to the United States as nonimmigrants and remained beyond their authorized period of stay.  On appeal, the DHS argues that it was error for the Immigration Judge to grant them withholding of removal under section 241(b)(3) of the Act without first entering an order of removal.  We agree.

Although entering an order of removal prior to granting withholding may appear to be a technicality, it is not an insignificant one.  It is axiomatic that in order to withhold removal there must first be an order of removal that can be withheld.  Indeed, the statute providing for withholding of removal is entitled "Detention and Removal of Aliens *Ordered Removed*."  Section 241 of the Act (emphasis added).  This title clearly suggests that a removal order must precede any grant of withholding of removal. *See Maguire v. Comm'r*, 313 U.S. 1, 9 (1941) ("While the title of an act will not limit the plain meaning of the text, it may be of aid in resolving an ambiguity." (citations omitted)).

The Immigration Judge held that the entry of a removal order prior to granting withholding of removal under section 241(b)(3) of the Act was not mandated by statute or regulation.  However, we find that requiring a removal order prior to a grant of withholding is consistent with the regulatory scheme governing decisions rendered by Immigration Judges.  The regulation at 8 C.F.R. § 1240.12(c) (2007) provides that the Immigration Judge's order will direct the alien's removal from the United States, the termination of the proceedings, or some other appropriate disposition of the case.  Further, when an alien is ordered removed, 8 C.F.R. § 1240.12(d) requires the Immigration Judge to identify a country, or countries in the alternative, to which the alien may be removed. Thus, the regulations contemplate that an Immigration Judge will enter an order that leads to a final conclusion of the removal proceedings. *See Matter of Chamizo*, 13 I&N Dec. 435 (BIA 1969) (finding that since the regulations require entry of an order that will result in the conclusion of proceedings, a grant of voluntary departure without an alternate order of

---

[2] Because the DHS withdrew its appeal from the Immigration Judge's October 18, 2004, decision, we need not address his finding that the respondents are eligible for withholding of removal under section 241(b)(3) of the Act.

deportation is improper because it leaves the proceedings unresolved and incomplete); s*ee also* section 101(a)(47)(A) of the Act, 8 U.S.C. § 1101(a)(47)(A) (2000) (defining the term "order of deportation").

We find that the proceedings in this case are unresolved and incomplete because the Immigration Judge found the respondents removable and granted their application for withholding of removal but failed to order them removed. *Matter of Chamizo*, *supra*. We note in this regard that a grant of withholding of removal is not discretionary and does not afford the respondents any permanent right to remain in the United States. *INS v. Aguirre-Aguirre*, 526 U.S. 415, 419-20 (1999); *INS v. Cardoza-Fonseca,* 480 U.S. 421, 428 n.6 (1987); *see also Lanza v. Ashcroft*, 389 F.3d 917, 933 (9th Cir. 2004) (indicating that unlike an application for asylum, a grant of an alien's application for withholding is not a basis for adjustment to lawful permanent resident status and only prohibits removal of the alien to the country of risk but not to another country (citing *Castellano-Chacon v. INS*, 341 F.3d 533, 545 (6th Cir. 2003))). The regulations make clear that a grant of withholding does not prevent the DHS from removing an alien to a country other than the one to which removal has been withheld. 8 C.F.R. § 1208.16(f) (2007); *see also Huang v. Ashcroft*, 390 F.3d 1118, 1121 n.2 (9th Cir. 2004) (noting that "neither withholding nor deferral of removal prevents the government from removing an alien to a third country other than the country to which removal was withheld or deferred"); 8 C.F.R. § 1240.11(e) (2007) (providing that "[n]othing in this section is intended to limit the Attorney General's authority to remove an alien to any country permitted by section 241(b) of the Act"). However, if there is no final order of removal that can be executed, the DHS has no authority to remove an alien to such an alternative country. We therefore conclude that when an Immigration Judge decides to grant withholding of removal, an explicit order of removal must be included in the decision.[3]

Because the Immigration Judge found the respondents removable, they remain subject to removal from the United States by the DHS as long as they are not removed to Indonesia. The DHS is unable to remove them to another country, however, as there is no final administrative order of removal in this

---

[3] This decision addresses situations where, as here, an Immigration Judge grants only withholding of removal, unaccompanied by a grant of asylum. In instances in which an Immigration Judge grants both asylum *and* withholding of removal, an order of removal would not normally be required, as an asylum grant does not require an order of removal. However, if both forms of relief were granted by an Immigration Judge and the asylum grant was later revoked, leaving only the grant of withholding of removal in place, the Immigration Judge would be required to enter an order of removal.

case.  We therefore conclude that the Immigration Judge erred in denying the DHS's motion to amend his decision to include such an order.  Accordingly, the DHS's appeal will be sustained and the record will be remanded to the Immigration Judge for the entry of an order of removal.[4]

**ORDER:**  The appeal of the Department of Homeland Security is sustained.

**FURTHER ORDER:**  The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

---

[4] The briefs submitted by amici curiae have presented arguments regarding the possibility of designating multiple alternative countries for removal.  We note that sections 241(b)(1) and (2) of the Act provide the procedures by which Immigration Judges must designate the countries to which an alien may be removed.  Given the posture of this case, however, we find it unnecessary to address this issue further.