11-1365-ag
Phuntsok v. Holder

BIA
Hom, IJ
A089 249 906

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10ᵗʰ day of April, two thousand twelve.

PRESENT:
> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> > *Circuit Judges.*

_____

PHUNTSOK PHUNTSOK,
> *Petitioner,*

v.                                    11-1365-ag
                                      NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Anthony C. Payne, Senior
                       Litigation Counsel; Tiffany L.
                       Walters, Trial Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Phuntsok Phuntsok, a native of Nepal, seeks review of a March 21, 2011, decision of the BIA affirming the February 23, 2009, decision of Immigration Judge ("IJ") Sandy K. Hom denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Phuntsok Phuntsok*, No. A089 249 906 (B.I.A. March 21, 2011), *aff'g* No. A089 249 906 (Immig. Ct. N.Y. City Feb. 23, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, *i.e.* minus his finding that Phuntsok was not credible. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

## I. Asylum

To meet the definition of "refugee" and thus establish eligibility for asylum, an applicant must first establish his nationality, or lack of nationality. *See* 8 U.S.C. § 1158(b)(1)(A), (B); 8 C.F.R. § 1208.13(a) (placing the burden of proving refugee status on the applicant); *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). Here, the agency's finding that Phuntsok failed to establish his identity is supported by substantial evidence.

Phuntsok argues that the IJ arbitrarily afforded minimal weight to the documents he proffered to establish his Tibetan ethnicity and Chinese citizenship, including various letters from New York offices of Tibetan organizations. However, as the IJ noted, Phuntsok acquired these documents from satellite offices in the United States after he had left Nepal. Moreover, the majority of the documents provided conclusory affirmations of Phuntsok's Tibetan ethnicity, without mention of the basis upon which the authors confirmed his ethnicity, while the letters from the Office of Tibet and the Nechung Foundation were based on his Green Book, which post-dated his arrival in the United States. The IJ, therefore, reasonably afforded minimal

3

evidentiary weight to the evidence of Phuntsok's Tibetan ethnicity. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight afforded to the applicant's evidence in immigration proceedings lie largely within the discretion of the IJ); *Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 214-15 n.5 (B.I.A. 2010) (holding that "the failure to attempt to prove the authenticity of a document . . . is significant," particularly when the document in question was apparently obtained for removal proceedings rather than a contemporaneously created record of a past event).

The IJ also reasonably afforded greater weight to Phuntsok's I-94 Arrival-Departure Card and U.S. religious worker visa, which list his citizenship as Nepalese, because they were issued by a government agency only after Phuntsok established his identity as Nepalese to that agency. *See Xiao Ji Chen*, 471 F.3d at 342. Although Phuntsok submitted letters from his wife and friend asserting that the Nepalese passport he obtained the visa with was fraudulent, the IJ reasonably gave little weight to the letters because they were unsworn. *See id.*

Phuntsok also argues that the IJ erred by giving less weight to the copy of his Household Registry Booklet, which

indicated that he was a resident of China, because he failed to submit the original Booklet. The copies, however, were not separately certified as required. *See* 8 C.F.R. § 287.6. Even assuming that the copy did not need to be certified, the IJ reasonably afforded less weight to the copy because Phuntsok testified that he had the original in Nepal, which his wife also asserted in her letter, yet did not explain why he only submitted copies. *See id.*

Furthermore, contrary to Phuntsok's assertion, the IJ was not required to advise him of the need for additional corroborating evidence prior to rendering his decision. *See Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009) (noting that immigration judge may not have the opportunity to assess totality of evidence after all evidence is submitted and alien may seek a remand to explain absence of corroborating evidence). The IJ also reasonably found that numerous documents were reasonably available to him, including an identity card from China for him or his family, letters from siblings and parents that his wife, who was in contact with his family, could have obtained, and documents evidencing his travel from Tibet to Nepal, all of which Phuntsok did not attempt to attain. Accordingly, the agency's conclusion that Phuntsok failed to establish his

alleged Tibetan nationality is supported by substantial evidence.

**II. Withholding of Removal and CAT Relief**

Eligibility for withholding of removal and CAT relief does not depend on the alien's nationality. Rather, withholding of removal is granted with reference to a specific country to which an alien may be removed. *See* 8 U.S.C. § 1231(b)(3)(A) ("[T]he Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country [on account of a protected ground]."); *see also Matter of I-S- & C-S-*, 24 I. & N. Dec. 432, 434 (BIA 2008) ("[A] grant of withholding does not prevent the DHS from removing an alien to a country other than the one to which removal has been withheld.").

Here, the IJ ordered Phuntsok removed to Nepal, and because Phuntsok did not allege that he was harmed or would be harmed in Nepal, substantial evidence supports the agency's denial of withholding of removal. *See Yanqin Weng*, 562 F.3d at 513. Similarly, the agency's denial of CAT relief was not in error because Phuntsok's CAT claim was based on the same factual predicate as his claim for

withholding of removal.  *See Paul v. Gonzales*, 444 F.3d 148, 155-56 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk