Sangmo v. Holder

BIA
Nelson, IJ
A089 252 016

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of May, two thousand fourteen.

PRESENT:
　　　　DENNIS JACOBS,
　　　　PETER W. HALL,
　　　　DENNY CHIN,
　　　　　　*Circuit Judges.*
_____

CHONYI SANGMO,
　　　　*Petitioner,*

　　　　v.　　　　　　　　　　　　　　12-3241
　　　　　　　　　　　　　　　　　　NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
　　　　*Respondent.*
_____

FOR PETITIONER:　　　Jason A. Nielson, Of Counsel,
　　　　　　　　　　　Mungoven & Associates, New York, NY.

FOR RESPONDENT:　　　Stuart F. Delery, Acting Assistant
　　　　　　　　　　　Attorney General; Francis W. Fraser,
　　　　　　　　　　　Senior Litigation Counsel; Linda Y.
　　　　　　　　　　　Cheng, Trial Attorney, Office of

**Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chonyi Sangmo seeks review of a July 24, 2012, decision of the BIA affirming the December 3, 2010, decision of Immigration Judge ("IJ") Barbara A. Nelson denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chonyi Sangmo*, No. A089 252 016 (B.I.A. July 24, 2012), *aff'g* No. A089 252 016 (Immig. Ct. N.Y. City Dec. 3, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**I.  Asylum**

To meet the definition of "refugee" and thus establish eligibility for asylum, an applicant must first establish her nationality, or lack of nationality.  *See* 8 U.S.C. § 1158(b)(1)(A), (B); 8 C.F.R. § 1208.13(a) (placing the burden of proving refugee status on the applicant); *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006).  Here, the agency's finding that Sangmo failed to establish her identity is supported by substantial evidence.

Sangmo argues that the IJ arbitrarily afforded minimal weight to the evidence she proffered to establish her Tibetan ethnicity and Chinese citizenship.  Her evidence included: a photocopy of a Chinese household registration booklet, letters from family members, a letter from the Tibetan Refugee Transit Center in Nepal, a letter from the Regional Tibetan Youth Congress of New York and New Jersey, a letter from the Office of Tibet in New York, a letter from the Tibetan Youth Club in Nepal, and a witness who was a Tibetan national and testified that he met Sangmo on three occasions in a two week period at a monastery in Tibet. However, the majority of the documents provided conclusory affirmations of Sangmo's Tibetan ethnicity, without mention

3

of the basis upon which the authors confirmed her ethnicity. Moreover, no efforts were made to establish the reliability and authenticity of the documents, and several of the documents were issued by organizations in Nepal or the United States. Accordingly, the IJ reasonably afforded minimal evidentiary weight to the evidence of Sangmo's Tibetan ethnicity. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). Sangmo submitted no contemporaneous documents establishing her Tibetan ethnicity or Chinese citizenship, such as a birth certificate or a Chinese national identity card. Accordingly, the IJ reasonably afforded greater weight to Sangmo's I-94 Arrival-Departure Card, U.S. visitor visa, and Indian identity certificate, all of which list her citizenship as Indian, because those documents were issued by the U.S. or Indian government after Sangmo established her identity as Indian. *See id*.

Sangmo also argues that the IJ erred by giving less weight to the copy of her Household Registry Booklet, which indicated that she was a resident of China, because she failed to submit the original booklet. The copy, however, was not certified, and Sangmo made no other attempt to establish the reliability or authenticity of the copy. *See*

4

8 C.F.R. § 1287.6; *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 404-05 (2d Cir. 2005). Furthermore, the IJ did not err in declining to credit Sangmo's explanation that she threw away her Chinese national identity card when she left China to travel to Nepal because she thought she would "face difficulty" if she brought it with her. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005). Accordingly, the agency's conclusion that Sangmo failed to establish Tibetan nationality is supported by substantial evidence.

**II. Withholding of Removal and CAT Relief**

Eligibility for withholding of removal and CAT relief does not depend on the alien's nationality. Rather, withholding of removal is granted with reference to a specific country to which an alien may be removed. 8 U.S.C. § 1231(b)(3)(A); *see Matter of I-S- & C-S-*, 24 I. & N. Dec. 432, 434 (BIA 2008) ("a grant of withholding does not prevent the DHS from removing an alien to a country other than the one to which removal has been withheld"). Here, the IJ found that the documents identifying Sangmo as an Indian citizen were more persuasive than Sangmo's testimony that she was a citizen of China, and, consequently, ordered her removed to India. Because Sangmo did not allege that she was harmed or would be harmed in India, and has not

5

contested the IJ's designated country of removal, substantial evidence supports the agency's denial of withholding of removal and CAT relief.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk

6