*Arias Chupina v. Holder*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term 2008

Argued:  May 18, 2009                 Decided: June 25, 2009

Docket Nos. 08-0867-ag (L), 08-3394-ag (CON)

_____

JOSE ENRIQUE ARIAS CHUPINA,

                 *Petitioner*,

     - v.-

ERIC H. HOLDER JR., United States Attorney General,

                 *Respondent*.[*]

_____

Before:  MINER, KATZMANN, and RAGGI, <u>Circuit Judges</u>.

By a decision dated January 24, 2008, the Board of Immigration Appeals (the "BIA") upheld the immigration judge's denial of petitioner's application for asylum as untimely filed and remanded to the immigration judge for further consideration of petitioner's applications for withholding of removal and protection under the CAT.  By a decision dated June 13, 2008, the BIA denied reconsideration of its decision regarding asylum.  Petitioner seeks review of both decisions.

Petitions dismissed.

> ANNE PILSBURY (Heather Yvonne Axford, <u>on the brief</u>), Central American Legal Assistance, Brooklyn, NY, <u>for petitioner</u>.
>
> GREGORY M. KELCH (Gregory G. Katsas, Assistant Attorney General, and James E. Grimes, Senior Litigation Counsel, <u>on the brief</u>), United States

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, <u>for respondent</u>.

PER CURIAM:

Petitioner Jose Enrique Arias-Chupina ("Chupina") petitions for review of decisions entered by the Board of Immigration Appeals (the "BIA") on January 24, 2008, and June 13, 2008.[1]  The BIA's January 24, 2008 decision upheld the immigration judge's denial of Chupina's asylum application as untimely filed and remanded the case to the immigration judge for further consideration of Chupina's eligibility for withholding of removal under 8 U.S.C. § 1231(b)(3) and for protection under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U.N.T.S. 85.  <u>See</u> 8 C.F.R. § 1208.16(c) (implementing the CAT).  The BIA's June 13, 2008 decision denied reconsideration of its decision regarding asylum.  In his petitions, Chupina argues that the BIA's decisions upholding the denial of his asylum application were in error.  Chupina's applications for withholding of removal and protection under the CAT remain pending with the immigration judge.  For the reasons that follow, the petitions are dismissed because there is no final order of removal over which we may assert jurisdiction in this case.

I.      BACKGROUND

Chupina, a native and citizen of Guatemala, was admitted to the United States on or about June 28, 2000, as a non-immigrant visitor for business with authorization to remain for a temporary period to end not later than July 27, 2000.  On August 22, 2001, more than a year after his authorization to remain in the United States had expired, Chupina filed applications with the former Immigration and Naturalization Service, now the Department of Homeland Security ("DHS"), for asylum, withholding of removal, and protection under the CAT.

On December 18, 2002, Chupina was served with a Notice to Appear (the "NTA"), which

_____

[1]  We hereby formally consolidate the petitions filed under docket numbers 08-0867-ag and 08-3394-ag, designating 08-0867-ag as the lead petition.  <u>See</u> 8 U.S.C. § 1252(b)(6).

charged him with removability under 8 U.S.C. § 1227(a)(1)(B) as an alien who remained in the United States for a time longer than permitted. In a hearing before an immigration judge on March 13, 2005, Chupina, through counsel, admitted to the factual allegations in the NTA and conceded removability, relying entirely on his applications for asylum, withholding of removal, and protection under the CAT to prevent his removal to Guatemala.

In support of his applications for CAT protection and relief from removal, Chupina testified that he fled Guatemala because he feared persecution from the G-2, Guatemala's military intelligence agency, which had recruited him as an informant and had issued a membership card to him. He also testified that he attempted to apply for asylum, withholding of removal, and protection under the CAT at an earlier date, in April 2001, but that he did not file his applications until August 2001 pursuant to the advice of a non-attorney who delayed their submission.

In a written decision entered on September 14, 2005, the immigration judge denied Chupina's applications for asylum, withholding of removal, and protection under the CAT. The immigration judge found, inter alia, that (1) Chupina's asylum application was untimely because it was filed more than one year after his arrival in the United States; (2) Chupina did not qualify for any of the exceptions to the one-year deadline for filing an asylum application; (3) even if Chupina's asylum application were timely filed, he was ineligible for asylum because he was subject to the persecutor bar for having persecuted others as a member of the G-2; and (4) moreover, the persecutor bar rendered Chupina ineligible for withholding of removal under 8 U.S.C. § 1231(b)(3) and under the CAT.

Chupina appealed the immigration judge's decision to the BIA. On January 24, 2008, the BIA sustained in part and dismissed in part Chupina's appeal. The BIA agreed with the immigration judge that Chupina's asylum application was untimely and that no exceptions to the filing deadline applied. Specifically, the BIA rejected Chupina's claim that the advice given to him by his non-attorney representative constituted ineffective assistance of counsel and therefore

3

that "exceptional circumstances" excused him from the untimely filing. The BIA stated that Chupina could not raise an ineffective assistance of counsel claim because he had failed to satisfy the pertinent aspects of the procedural prerequisites for bringing such a claim under Matter of Lozada, 19 I. & N. Dec. 637 (B.I.A. 1988), which require:

> (1) an affidavit setting forth in detail the agreement with former counsel concerning what action would be taken and what counsel did or did not represent in this regard; (2) proof that the petitioner notified former counsel of the allegations of ineffective assistance and allowed counsel an opportunity to respond; and (3) if a violation of ethical or legal responsibilities is claimed, a statement as to whether the petitioner filed a complaint with any disciplinary authority regarding counsel's conduct and, if a complaint was not filed, an explanation for not doing so.

Yi Long Yang v. Gonzales, 478 F.3d 133, 142 (2d Cir. 2007) (quoting Twum v. INS, 411 F.3d 54, 59 (2d Cir. 2005) (alterations omitted). The BIA also noted that, because Chupina failed to satisfy the applicable Lozada requirements, "[t]he record . . . does not contain sufficient evidence to establish that the late filing of [Chupina's] asylum application was due to actions or inaction of his [non-attorney] representative rather than to failures on his own part."

With respect to Chupina's applications for withholding of removal and protection under the CAT, however, the BIA concluded that the immigration judge erred in applying the persecutor bar to Chupina. The BIA observed that Chupina was not "truly inducted into the [G-2] organization," that he "never received any training or pay," and that he "tried not to fulfill [his] role [as an informant for the G-2]." Accordingly, in regard to Chupina's applications for CAT protection and withholding of removal, the BIA remanded the case to the immigration judge "to allow the parties to supplement and update the record and to allow the Immigration Judge to make a new determination as to whether [Chupina] is eligible for withholding of removal . . . [and protection under the CAT]."

On February 25, 2008, Chupina petitioned for review of the BIA's decision upholding the immigration judge's denial of his asylum application. At around the same time, Chupina also filed a motion to reconsider with the BIA, arguing that it erroneously found that his claim of ineffective assistance of counsel by a non-attorney did not constitute exceptional circumstances

4

excusing the untimely filing of his asylum application. Specifically, Chupina argued that the BIA erred by applying the Lozada requirements, which apply to claims of ineffective assistance of counsel, to his claims of ineffective assistance by a non-attorney.

In a decision dated June 13, 2008, the BIA denied Chupina's motion to reconsider, affirming its earlier ruling that Chupina failed to provide sufficient evidence to support his ineffective assistance claim. The BIA noted that requiring Chupina to comply with the applicable Lozada requirements for raising an ineffective assistance of counsel claim where his representative was a non-attorney did not impose an "undue burden" on Chupina. The BIA also noted that, aside from Chupina's failure to satisfy the Lozada requirements, he also failed to allege sufficient facts to establish that his claim of ineffective assistance of counsel constituted "exceptional circumstances" to excuse the untimely filing of his asylum application. On July 11, 2008, Chupina petitioned for review of the BIA's decision denying his motion to reconsider.

In his petitions for review, Chupina argues that the BIA erred in concluding that, because of his failure to fulfill the Lozada requirements, Chupina could not establish exceptional circumstances based on his claim of ineffective assistance such as would excuse his failure to comply with the one-year filing deadline for asylum applications. In this connection, Chupina purports to raise questions of law and constitutional claims, namely, that the BIA violated his due process rights and committed legal error when it required that the Lozada submissions be satisfied for his claim of ineffective assistance by a "non-attorney." The government moves to dismiss the petition for lack of jurisdiction. It principally argues that there does not yet exist a "final" order of removal — a necessary predicate for this Court's jurisdiction to review orders of removal — because Chupina's applications for withholding of removal and protection under the CAT remain pending before the immigration judge.[2]

---

[2] The government alternatively argues that 8 U.S.C. § 1158(a)(3) deprives this Court of jurisdiction to review the agency's determination that Chupina's asylum application was untimely. We need not, however, resolve that challenge because we base our dismissal on lack of a final order of removal.

II.     ANALYSIS

This Court's jurisdiction to review orders of removal is limited to review of "final order[s] of removal." See 8 U.S.C. § 1252(a)(1); see also, e.g., Alibasic v. Mukasey, 547 F.3d 78, 82 (2d Cir. 2008) ("This Court has jurisdiction to review only petitions for review of final orders of removal." (internal quotation marks and alteration omitted)); Shi Liang Lin v. U.S. Dep't of Justice, 494 F.3d 296, 315 (2d Cir. 2007) (en banc) (dismissing petition for lack of jurisdiction pursuant to 8 U.S.C. § 1252(a)(1) because the court of appeals can "review only final orders of removal"). An order of removal is "final" upon the earlier of the BIA's affirmance of the immigration judge's order of removal or the expiration of the time to appeal the immigration judge's order of removal to the BIA. 8 U.S.C. § 1101(a)(47)(B)(i), (ii).

Here, the BIA affirmed the immigration judge's denial of Chupina's asylum application but remanded the case to the immigration judge "to allow the parties to supplement and update the record and to allow the Immigration Judge to make a new determination as to whether [Chupina] is eligible for withholding of removal . . . [and protection under the CAT]." Thus, instead of affirming the immigration judge's order of removal within the meaning of § 1101(a)(47)(B)(i), the BIA in this case affirmed only the immigration judge's ruling as to Chupina's asylum application and returned jurisdiction to the immigration judge for further proceedings on Chupina's remaining applications for CAT protection and withholding of removal. See Matter of Patel, 16 I. & N. Dec. 600, 601 (B.I.A. 1978) (stating that where the BIA remands to the immigration judge for further proceedings, "it divests itself of jurisdiction of that case unless jurisdiction is expressly retained"); id. (stating that the BIA may qualify or limit the issues on remand). Significantly, Chupina's remanded applications seek mandatory forms of relief and protection from removal, and, if granted, effectively would result in the cancellation of any order removing Chupina to Guatemala. See 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 1208.16(c). Thus, having remanded the case to the immigration judge for consideration of applications which directly affect whether Chupina, who conceded removability, can in fact be removed to

6

Guatemala, the BIA's decision cannot constitute a "final order of removal."

This result is consistent with Foti v. INS, 375 U.S. 217 (1963), where the Supreme Court, construing an earlier version of the immigration statutes, held that the denial of discretionary relief from removal was "antecedent to and a constituent part of the 'final order of deportation.'" Id. at 226. Although Chupina's remanded applications for CAT protection and withholding of removal do not seek discretionary forms of relief, the Supreme Court's reasoning in Foti is equally applicable here. In Foti, the Supreme Court explained that "all determinations made during and incident to the administrative proceedings" were included within an appellate court's jurisdiction and that review of the finding of removability and the denial of relief should be reviewed "by the same court at the same time." Id. at 227, 229. Thus, because Chupina's pending applications directly affect whether he may be removed to Guatemala, Foti strongly counsels that Chupina's order of removal is not final until those applications have been resolved by the agency. Cf. Bennett v. Spear, 520 U.S. 154, 177–78 (1997) (noting that a final decision is "the 'consummation' of the agency's decisionmaking process" and must "not be of [an] . . . interlocutory nature" (quoting Chicago & S. Air Lines, Inc. v. Waterman S.S. Corp., 333 U.S. 103, 113 (1948))).[3]

Nonetheless, Chupina argues that review of his petitions at this time is proper because there may not be a "final order of removal" upon the agency's adjudication of his applications for withholding of removal and protection under the CAT. Specifically, while Chupina concedes that an award of withholding of removal requires entry of an underlying "order of removal," see

---

[3] Insofar as we held in Alibasic that "a BIA order denying relief from removal and remanding for the sole purpose of considering voluntary departure is a final order of removal," 547 F.3d at 83–84 (emphasis added), that decision does not conflict with Foti nor does it govern this case. The relief of voluntary departure does not affect the alien's removability from the United States; rather, it is "a discretionary form of relief that allows certain favored aliens — either before the conclusion of removal proceedings or after being found deportable — to leave the country willingly [in lieu of removal]." Dada v. Mukasey, 128 S. Ct. 2307, 2312 (2008); see also 8 U.S.C. § 1229c(b)(1). Accordingly, where, as here, the BIA has remanded the record for further proceedings to determine Chupina's eligibility for withholding of removal and protection under the CAT — applications which directly affect his removability to Guatemala — Alibasic is inapposite.

7

Matter of I-S- & C-S-, 24 I. & N. Dec. 432, 433–34 (B.I.A. 2008), he contends that an award of CAT protection does not.  He therefore argues that, despite the guarantee of an "order of removal" with respect to his withholding-of-removal claim, in the event he is granted CAT protection, there would still be no "order of removal" in his case.  Without an order of removal, Chupina reasons, there can never be a "final" order of removal upon which this Court can exercise jurisdiction.  We need not attempt to reconcile the logical difficulties posed by Chupina's hypothetical because we reject the premise that an "order of removal" does not underlie a grant of CAT protection.

The term "order of deportation," which is synonymous with the term "order of removal," see Rhodes-Bradford v. Keisler, 507 F.3d 77, 79 (2d Cir. 2007); Phong Thanh Nguyen v. Chertoff, 501 F.3d 107, 109 n.4 (2d Cir. 2007); Thapa v. Gonzales, 460 F.3d 323, 333 n.3 (2d Cir. 2006), is defined by statute as either (1) a determination that the "alien is deportable" from the United States or (2) an order "ordering deportation" of the alien from the United States.  See 8 U.S.C. § 1101(a)(47)(A); Lazo v. Gonzales, 462 F.3d 53, 54 (2d Cir. 2006) (per curiam) ("[T]he statutory requirement of an order of removal is satisfied when . . . the [immigration judge] either orders removal or concludes that an alien is removable.").  If Chupina is granted withholding of removal only, the BIA requires the grant of that relief to include an explicit order of removal.  See Matter of I-S- & C-S-, 24 I. & N. Dec. at 434.  Thus, the grant of withholding of removal would establish an "order of removal" because, for one reason, such grant requires the immigration judge to "order[] removal."  If Chupina is granted protection under the CAT, then the grant of that protection necessarily requires the immigration judge to determine whether Chupina is removable from the United States.  See 8 C.F.R. § 1208.16(a), (c) (providing protection from removal to a country where alien would more likely than not be subject to torture); see also 8 C.F.R. § 1208.17(a) (providing deferral of removal to eligible aien who "has been ordered removed" (emphasis added)).  Thus, the grant of protection under the CAT would establish an "order of removal" because such a grant requires a determination by the immigration

8

judge that the alien is removable. Accordingly, regardless of whether Chupina is granted only withholding of removal, only protection under the CAT, or granted or denied both withholding and CAT protection, there will be an "order of removal" that will eventually become final and subject to this Court's jurisdiction for review.

Incidentally, we note that our decision does not preclude Chupina from filing a petition for review of the agency's denial of his asylum application, and of the BIA's reconsideration of that decision, once the agency has fully adjudicated his remaining applications for withholding of removal and protection under the CAT. Furthermore, Chupina need not appeal to the BIA the denial or grant of his applications for withholding of removal and protection under the CAT in order to preserve his exhausted claim that the denial of his asylum application was in error.[4] See 8 U.S.C. § 1252(d)(1). Rather, in the event that no appeal is made to the BIA by either Chupina or the government following the adjudication of Chupina's pending applications, Chupina may challenge the denial of his asylum application within thirty days after the immigration judge's decision regarding his applications for withholding of removal and protection under the CAT becomes final, see id. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."); see also 8 C.F.R. § 1003.39 ("Except when certified to the [BIA], the decision of the Immigration Judge becomes final upon waiver of appeal or upon the expiration of the time to appeal [to the BIA] if no appeal is taken whichever [sic] occurs first."), assuming, of course, that Chupina's petition indeed raises a colorable constitutional claim or question of law to overcome 8 U.S.C. § 1158(a)(3)'s jurisdictional bar, see Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 330–32 (2d Cir. 2006).

III.  CONCLUSION

For the foregoing reasons, the government's motion to dismiss is GRANTED and the

---

[4] Of course, in the event the immigration judge denies either withholding of removal or protection under the CAT, or both, Chupina must first exhaust his remedies with the BIA with respect to those two forms of relief if he wishes to challenge those denials in a petition for review. See 8 U.S.C. § 1252(d)(1).

9

petitions for review are DISMISSED for lack of jurisdiction.  The government's motion to stay briefing and Chupina's motion to proceed in forma pauperis are DENIED as moot.