**NEN MEI LIN, Chao Rui Lin, Petitioners,**

v.

**Eric H. HOLDER, Jr., United States Attorney General,\* Respondent.**

**No. 08–5212–ag.**

United States Court of Appeals, Second Circuit.

Sept. 18, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former

Attorney General Michael B. Mukasey as respondent in this case.

Thomas V. Massucci, New York, NY, for Petitioners.

Tony West, Assistant Attorney General; Carl McIntyre, Assistant Director; Steven F. Day, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: GUIDO CALABRESI, JOSÉ A. CABRANES and REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioners Nen Mei Lin and Chao Rui Lin, natives and citizens of the People's Republic of China, seek review of the September 18, 2008 order of the BIA, which: (1) affirmed the February 7, 2007 decision of Immigration Judge ("IJ") Steven R. Abrams insofar as he denied their applications for asylum; (2) reversed the IJ's decision insofar as he granted their applications for withholding of removal; and (3) remanded to the IJ for consideration of their applications for relief under the Convention Against Torture ("CAT") and for entry of a new decision. *In re Nen Mei Lin, Chao Rui Lin,* Nos. A078 226 476, A075 998 110 (B.I.A. Sept. 18, 2008), *rev'g in part* Nos. A078 226 476, A075 998 110 (Immig. Ct. N.Y. City Feb. 7, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We lack jurisdiction to review the instant petition for review because the agency has not yet issued a final order of removal in the petitioners' proceedings. *See Arias Chupina v. Holder,* 570 F.3d 99, 103 (2d Cir.2009) (holding that no appealable "final order of removal" entered where BIA remands to IJ for consideration of petitioner's withholding of removal and CAT claims). The BIA returned jurisdiction to the IJ by remanding for consideration of petitioners' application for CAT relief. There will be no "final order of removal" until the agency addresses that claim, *see id.* at 104 (noting under similar circumstances that either grant or denial of CAT relief will result in appealable "final order of removal"), after which the arguments raised in the instant petition will be reviewable on appeal.

For the foregoing reasons, the petition for review is DISMISSED.