Kuka v. Holder

BIA
A078 690 281
A078 690 282
A078 690 283
A078 690 284

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of February, two thousand twelve.

PRESENT:
>        PETER W. HALL,
>        DEBRA ANN LIVINGSTON,
>        DENNY CHIN,
>                *Circuit Judges.*

_____

SHPETIM KUKA, LUZIME KUKA
MARSEL KUKA, ANGJELO KUKA,
>        *Petitioners,*

>        v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

10-1050-ag
NAC

_____

FOR PETITIONER:          Karin Jean Anderson Ponzer,
                         Sunnyside, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney

**General; Mary Jane Candaux, Assistant Director; Stefanie A. Svoren, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Luzime Kuka, Shpetim Kuka, Marsel Kuka, and Angjelo Kuka, natives and citizens of Albania, seek review of a February 24, 2010, order of the BIA denying their motion to reopen.[*] *In re Shpetim Kuka, Luzime Kuka, Marsel Kuka, Angjelo Kuka*, Nos. A078 690 281/282/283/284 (B.I.A. Feb. 24, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An individual ordinarily may file only one motion to reopen and must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). However, there is no time or numerical limitation if the individual establishes materially "changed country conditions arising in the country of nationality." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA did not err in concluding that Luzime Kuka's ("Luzime") motion to reopen was time- and number-barred. *See* 8 U.S.C. § 1101(a)(47)(B)((i); (ii), *see also Arias-Chupina v. Holder*, 570 F.3d 99, 103 (2d Cir. 2009). In March 2001, Luzime was served with a Notice to Appear and, as a derivative of her husband's asylum claim, denied relief

---

[*]Luzime Kuka brought a 2009 motion to reopen her 2007 final order of removal before the IJ as a derivative of her husband's (Shpetim) proceedings. In her 2009 motion she requested that her proceedings be bifurcated. This request was denied in the BIA's February 2010 decision.

2

by an IJ in September 2002.  Upon appeal to the BIA, Luzime's application listing her as a derivative was denied, serving as her final order of removal and barring her from filing a successive asylum application without demonstrating changed country conditions as imposed by 8 U.S.C. § 1158(a)(2)(D).  *See Matter of C-W-L*, 24 I. & N. Dec. 346 (BIA 2007), *Yuen Jin v. Mukasey*, 538 F.3d 143, 156 (2d Cir. 2008).

Furthermore, the BIA reasonably found that the evidence Luzime submitted of her 1999 assault was available to her at the time of her 2000 hearing and "could and should have been presented below if she wished to seek asylum based on her own treatment."  *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988) (failure to offer new evidence is a proper ground upon which the BIA may deny a motion to reopen).

Additionally, the BIA reasonably concluded that Luzime had failed to demonstrate materially changed country conditions.  As the record demonstrated a decrease in blood feuds as well as government efforts to tackle blood feuds "head on," and as Luzime's claim was based on facts available to her at the time of her 2000 hearing, the BIA reasonably concluded she had failed to demonstrate a change in country conditions.  *See INS v. Abudu*, 485 U.S. 94, 104–05 (1988).

Moreover, the BIA did not err in determining that Luzime's uncorroborated assertion that her assault may become known to her family who would then seek a blood feud reprisal, was speculative.  *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (absent solid support in the record, petitioner's fear was "speculative at best.").

This Court is without jurisdiction to review Luzime's argument that as a result of the BIA mailing its decision on her February 2010 motion to reopen to her house, rather than to her attorney, her confidentiality was breached.  *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-120 (2d Cir. 2007) (finding the judicial exhaustion requirement mandatory).  The proper procedure to argue that such disclosure "create[d] new grounds for [Luzime] to have a well-founded fear of persecution" is in a motion to reopen before the BIA.  8 U.S.C. § 1229a(c)(7)(C)(ii); *see also*

8 C.F.R. § 1003.2(c)(3)(ii).

To the extent Luzime argues that the BIA breached its obligation of confidentiality under 8 C.F.R. § 1208.6, this argument is without merit, as Luzime's husband and children were listed as parties to her motion to reopen. Accordingly, even assuming the BIA disclosed confidential information, it was disclosed to parties to the litigation, not to third-parties as covered in 8 C.F.R. § 1208.6. *Cf Zhen Nan Lin v. Dep't of Justice*, 459 F.3d 255, 262 (2d Cir. 2006) (finding the disclosure of identity documents of an asylum seeker to a third-party government to be a breach of confidentiality).

Finally, Luzime's equal protection argument is unavailing because she fails to demonstrate how she and individuals who have been granted asylum are similarly situated. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 158-59 (2d Cir. 2008) (rejecting equal protection challenge to immigration status because the two classes of aliens being compared were not similarly situated); *Jankowski-Burcyzk v. INS*, 291 F.3d 172, 178 (2d Cir. 2002) (citing *Able v. United States*, 155 F.3d 628, 631 (2d Cir. 1998 noting that the Due Process Clause of the Fifth Amendment permits the government to treat individuals not similarly situated differently).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4