**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-1654**

———————

AKMMAQSUDUL ALAM,

        Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General; JANET NAPOLITANO,
Secretary, Department of Homeland Security; ALEJANDRO
MAYORKAS, Director, USCIS, Department of Homeland Security

        Respondent.

———————

On Petition for Review of an Order of the Board of Immigration
Appeals.

———————

Submitted: November 1, 2013        Decided: November 7, 2013

———————

Before MOTZ and WYNN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Petition dismissed by unpublished per curiam opinion.

———————

Akmmaqsudul Alam, Petitioner Pro Se.  Daniel Eric Goldman,
Senior Litigation Counsel, Yamileth G. Davila, Office of
Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Akmmaqsudul Alam, a native and citizen of Bangladesh, petitions for review of a decision of the Board of Immigration Appeals ("Board") dismissing in part his appeal from the immigration judge's order and remanding for further proceedings. The case was remanded for consideration of Alam's request for withholding of removal and withholding under the Convention Against Torture. We dismiss the petition without prejudice.

The Attorney General moves to dismiss the petition for review for lack of jurisdiction because there is no final order of removal. Under 8 U.S.C. § 1252(a)(1) (2012), this court has jurisdiction only over final orders of removal or deportation. Under 8 U.S.C. § 1101(a)(47)(A) (2012), an "order of deportation" is "the order of the special inquiry officer, or other such administrative officer to whom the Attorney General has delegated the responsibility for determining whether an alien is deportable, concluding that the alien is deportable or ordering deportation." That order becomes final "upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B).

Here, the Board remanded to the immigration judge for consideration of Alam's request for withholding of removal or protection under the Convention Against Torture.  Unlike a remand for solely a voluntary departure determination or designation of a country of removal, the remand in this case potentially affects the underlying removal order.  If Alam's request is granted, he will no longer be subject to removal.

Because the immigration judge is considering Alam's applications for relief that may directly affect whether he is removed, the Board's decision to remand is not a final order of removal.  See Chupina v. Holder, 570 F.3d 99, 103 (2d Cir. 2009).

Accordingly, we grant the Attorney General's motion to dismiss and dismiss the petition for review without prejudice. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DISMISSED