**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1787**

LUIS ALONSO DIAZ-MEJIA, a/k/a Luis Alonso Diaz,

              Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

              Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  January 23, 2014          Decided:  April 3, 2014

Before KING, WYNN, and DIAZ, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Hugo Cesar Castro, Rockville, Maryland, for Petitioner.  Stuart F. Delery, Assistant Attorney General, Blair T. O'Connor, Assistant Director, John B. Holt, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Alonso Diaz-Mejia, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals ("Board") sustaining the Department of Homeland Security's appeal from the immigration judge's grant of Diaz-Mejia's application for withholding of removal.[1] For the reasons set forth below, we deny the petition for review.

"Withholding of removal is available under 8 U.S.C. § 1231(b)(3) if the alien shows that it is more likely than not that h[is] life or freedom would be threatened in the country of removal because of h[is] race, religion, nationality, membership in a particular social group, or political opinion." Gomis v. Holder, 571 F.3d 353, 359 (4th Cir. 2009) (citations omitted); see 8 U.S.C. § 1231(b)(3) (2012). An alien "must show a 'clear probability of persecution' on account of a protected ground." Djadjou v. Holder, 662 F.3d 265, 272 (4th Cir. 2011) (quoting

---

[1] We dismissed Diaz-Mejia's initial petition for review for lack of jurisdiction on the ground that the Board's order was not a final order of removal under 8 U.S.C. § 1252(a)(2) (2012). See Diaz-Mejia v. Holder, No. 12-2198 (4th Cir. Jan. 2, 2013) (unpublished order). On remand, the immigration judge granted voluntary departure, and Diaz-Mejia did not seek any further relief. Because the issues stemming from the Board's 2012 order have now been fully exhausted and Diaz-Mejia timely filed for review within thirty days of the immigration judge's final administrative decision, see Chupina v. Holder, 570 F.3d 99, 105 (2d Cir. 2009), we now have jurisdiction over Diaz-Mejia's challenges to the Board's denial of his request for withholding of removal.

INS v. Stevic, 467 U.S. 407, 430 (1984)). "This is a more stringent standard than that for asylum. . . . [and], while asylum is discretionary, if an alien establishes eligibility for withholding of removal, the grant is mandatory." Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353-54 (4th Cir. 2006) (citations omitted).

We afford "a high degree of deference" to a determination that an alien is not eligible for withholding of removal, and review administrative findings of fact under the substantial evidence standard. Gomis, 571 F.3d at 359. Under the substantial evidence test, affirmance is mandated "if the evidence is not 'so compelling that no reasonable factfinder could' agree with the [Board]'s factual conclusions." Gandziami-Mickhou, 445 F.3d at 354 (quoting Huaman-Cornelio v. Bd. of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992)).

The Board reviews the immigration judge's factual findings for clear error and the legal conclusions de novo. See 8 C.F.R. § 1003.1(d)(3)(i), (iv) (2013). Factual findings include what happened to the individual, Massis v. Mukasey, 549 F.3d 631, 636 n.6 (4th Cir. 2008), determinations regarding an oppressor's motivation, intentions and opinions, Crespin-Valladares v. Holder, 632 F.3d 117, 127-28 (4th Cir. 2011), and the likelihood of future mistreatment. See Turkson v. Holder, 667 F.3d 523, 529 (4th Cir. 2012).

3

Based on our review of the record, we conclude that the Board correctly reviewed the immigration judge's factual findings for clear error and that substantial evidence supports its conclusion that the judge clearly erred in finding that Diaz-Mejia was targeted by the gangs in El Salvador on account of his membership in the particular social group of his family. See 8 U.S.C. § 1158(b)(1)(B)(i) (2012) (providing that an asylum applicant must establish that the protected ground asserted "was or will be at least one central reason for persecuting the applicant"); Quinteros-Mendoza v. Holder, 556 F.3d 159, 164-65 (4th Cir. 2009) (finding that money and personal animosity, not religion or political opinion, motivated initial assaults on alien and concluding that alien "provided no evidence that his religious or political beliefs were more than incidental or tangential to any part of the persecution he suffered").

We therefore deny the petition for review for the reasons stated by the Board. See In re: Diaz-Mejia (B.I.A. Aug. 31, 2012).[2] We dispense with oral argument because the facts and

---

[2] Diaz-Mejia also argues that the agency erred in failing to address four additional proposed particular social groups in assessing his claim for withholding of removal. We lack jurisdiction over this issue on the ground that Diaz-Mejia failed to exhaust his administrative remedies before the agency. See 8 U.S.C. § 1252(d)(1) (2012); Massis v. Mukasey, 549 F.3d 631, 638-40 (4th Cir. 2008); see also Omari v. Holder, 562 F.3d 314, 322 (5th Cir. 2009).

legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED