Lin v. Holder

BIA
Videla, IJ
A095 843 940

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of June, two thousand fourteen.

PRESENT:
>  JOSÉ A. CABRANES,
>  DEBRA ANN LIVINGSTON,
>  SUSAN L. CARNEY,
>        *Circuit Judges.*

_____

DAN LIN,
>       *Petitioner,*

>       v.                                    13-1258
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:        Bruno Joseph Bembi, Hempstead, NY.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Stephen J. Flynn, Assistant Director; Lynda A. Do, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Dan Lin, a native and citizen of China, seeks review of a March 14, 2013 order of the BIA, dismissing her appeal from the July 31, 2012, decision of an Immigration Judge ("IJ"), which pretermitted asylum and granted withholding of removal. *In re Dan Lin*, No. A095 843 940 (B.I.A. Mar. 14, 2013), *aff'g* No. A095 843 940 (Immig. Ct. New York City July 31, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decisions of both the IJ and BIA "for the sake of completeness." *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam) (internal quotation marks omitted). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Contrary to Lin's assertions, the BIA properly dismissed her appeal because she waived her right to appeal from the IJ's decision. *See* 8 C.F.R. § 1003.1(d)(2)(i)(G) ("A single Board member or panel may summarily dismiss any appeal . . .

barred by an affirmative waiver of the right of appeal that is clear on the record."). We have recognized that "accepting an IJ's decision as final can serve as an effective waiver of appeal when the record of the interaction between the IJ and the alien fairly supports the conclusion that the alien or his counsel understood the nature of the waiver." *Ali v. Mukasey*, 525 F.3d 171, 174 (2d Cir. 2008). At the hearing on July 31, 2012, the IJ stated that he would grant withholding and then asked, "[W]ill the Government accept my decision and waive appeal?" AR 188. After the attorney for the government consented, the IJ asked Lin's attorney if her client would do likewise. At this point, the court went off the record so that Lin could consult with her attorney about the consequences of waiving her appellate rights. Lin's counsel then stated that Lin "agrees to accept this as a final decision." AR 189. Lin does not contend that her attorney rendered ineffective assistance by improperly advising her of the waiver's consequences, and she has not complied with the procedural requirements for alleging an ineffective assistance claim under *Matter of Lozada*, 19 I&N Dec. 637 (B.I.A. 1988). *See Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46 (2d Cir. 2005). Therefore, the BIA's finding that Lin

3

knowingly and intelligently waived her appellate rights is supported by substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B) (noting that, on review, the agency's factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary").

Lastly, Lin's contention that the BIA had continuing jurisdiction because it previously remanded her proceedings is misplaced. The BIA was divested of jurisdiction when it remanded the case to a different IJ in 2007, as it did not did not expressly retain jurisdiction in that order. *See Chupina v. Holder*, 570 F.3d 99, 103 (2d Cir. 2009) (per curiam) (citing *Matter of Patel*, 16 I&N Dec. 600, 601 (B.I.A. 1978)). In the course of the usual appeal, Lin would have been able to challenge the reliance of the second IJ on the initial IJ's findings, *see INS v. Chadha*, 462 U.S. 919, 938 (1983) (noting that final orders of removal include "all matters on which the validity of the final order is contingent" (citation omitted)), but she waived her right to appeal.

4

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk