**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4268
_____

REUEL NACKMU MEBUIN,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A076-415-483)
Immigration Judge:  Honorable Margaret Reichenberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 18, 2014
Before:  SMITH, GARTH and BARRY, Circuit Judges

(Opinion filed: June 24, 2014)
_____

OPINION
_____

PER CURIAM

Reuel Nackmu Mebuin, a native and citizen of Cameroon, filed a petition for review of

an October 19, 2012 decision of the Board of Immigration Appeals ("BIA").  We appointed

counsel and the case is now fully briefed.  In the meantime, however, Mebuin, proceeding pro

se, filed a motion to reopen with the BIA, claiming ineffective assistance of prior counsel.  The

BIA granted the motion to reopen on February 12, 2014, and remanded to an Immigration Judge to give Mebuin "the opportunity to present applications for asylum, withholding of removal, and cancellation of removal under section 240A(a)."[1]  The Government argues that there is no longer a final order of removal; Mebuin strenuously argues that this Court retains jurisdiction because his removability may not be challenged in the reopened proceedings.  We agree with the Government that we no longer have jurisdiction to review the BIA's October 2012 decision.[2]

This Court's jurisdiction is limited to final orders of removal.  See 8 U.S.C. § 1252(a)(1); Gao v. Ashcroft, 299 F.3d 266, 271 (3d Cir. 2002).  While an agency order may satisfy the finality requirement at the time the petition for review is first filed, subsequent administrative proceedings can affect finality, limiting or eliminating the jurisdiction of the reviewing court of appeals.  Most significantly, "the grant of a motion to reopen vacates the previous order of deportation or removal and reinstates the previously terminated immigration proceedings."  Bronisz v. Ashcroft, 378 F.3d 632, 637 (7th Cir. 2004).  This holds true even if reopening is limited to a subset of the alien's original claims.  See Lopez-Ruiz v. Ashcroft, 298 F.3d 886, 887 (9th Cir. 2002) (per curiam); cf. Chupina v. Holder, 570 F.3d 99, 103 (2d Cir. 2009) (per curiam) (concluding that a BIA order, which affirmed the denial of asylum but remanded on withholding and CAT, was not final because the remanded matters could directly affect removability).       Mebuin cites Yusupov v. Attorney General, 518 F.3d 185 (3d Cir. 2008) for the proposition that we may retain jurisdiction even when some issues are remanded

---

[1] The BIA stated that it "intimate[d] no opinion regarding the respondent's statutory eligibility
[2] Although we lack jurisdiction, we thank counsel for agreeing to take this case pro bono and commend them for their excellent briefing.

to an immigration judge. But that decision is readily distinguished. In Yusupov, the BIA remanded proceedings "for the purpose of allowing [DHS] the opportunity to complete or update identity, law enforcement, or security investigations or examinations, and further proceedings, if necessary, and for the entry of an order as provided by 8 C.F.R. § 1003.47(h)." Id. at 196 (alterations in original). We observed that the resolution of those "administrative matters" would not "affect the controlling removal determination," and hence found it proper to exercise our jurisdiction to review what was otherwise a final order. Id. In this case, however, the Immigration Judge is authorized to consider substantive matters that may result in giving Mebuin relief from removal. Further, the BIA has ordered the Immigration Judge to enter "a new decision," in effect, vacating the prior order of removal. Cf. Thomas v. Att'y Gen., 625 F.3d 134, 141 (3d Cir. 2010) (where BIA decision granted motion for reconsideration simply to correct factual mischaracterization but did not vacate or substantially modify earlier removal order, earlier order continues to present live controversy for judicial review). Accordingly, because the earlier BIA order is no longer final, we hold that we lack jurisdiction over this petition for review.

Our decision today in no way precludes Mebuin from seeking judicial review of the BIA's October 2012 decision once the agency has fully adjudicated any applications and entered a final order. Chupina, 570 F.3d at 105. If any future petition for review is necessary here, Mebuin will be able to raise (i) any reviewable issues that, but for the BIA's remand order, he could have raised in this proceeding, as well as (ii) any exhausted reviewable issues relating to the remanded proceedings. Lopez-Ruiz, 298 F.3d at 887.

For the foregoing reasons, we will dismiss the petition for review.[3]

---

[3] All outstanding motions are denied as moot.