Jalloh v. Holder

BIA
Hom, IJ
A078 216 941

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand fourteen.

PRESENT:
　　　　ROSEMARY S. POOLER,
　　　　BARRINGTON D. PARKER,
　　　　GERARD E. LYNCH,
　　　　　　*Circuit Judges*.

_____

RAMATA JALLOH,
　　　　*Petitioner*,

　　　v.　　　　　　　　　　　　　　　　12-4930
　　　　　　　　　　　　　　　　　　　　NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
　　　　*Respondent*.

_____

FOR PETITIONER:　　　Andy Wong, New York, N.Y.

FOR RESPONDENT:　　　Stuart F. Delery, Assistant Attorney General; Luis E. Perez, Senior Litigation Counsel; Timothy B. Stanton, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Ramata Jalloh, a native and citizen of Sierra Leone, seeks review of a November 20, 2012, order of the BIA, affirming the January 25, 2011, decision of Immigration Judge ("IJ") Sandy Hom, which denied her application for asylum and request for relief under the Convention Against Torture ("CAT"), and granted her request for withholding of removal. *In re Ramata Jalloh*, No. A078 216 941 (B.I.A. Nov. 20, 2012), *aff'g* No. No. A078 216 941 (Immig. Ct. New York City Jan. 25, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA decision. *See Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005).

I. Jurisdiction

Our jurisdiction to review orders of removal is limited to review of "final order[s] of removal." 8 U.S.C. § 1252(a)(1). An order of removal is "final" upon the earlier of the BIA's affirmance of the immigration judge's

order of removal or the expiration of the time to appeal the immigration judge's order of removal to the BIA.  8 U.S.C. § 1101(a)(47)(B)(i), (ii); see *Arias Chupina v. Holder*, 570 F.3d 99, 103 (2d Cir. 2009).  The BIA has concluded that when a case is remanded to the IJ for the completion of background checks pursuant to 8 C.F.R. § 1003.47(h), the IJ has full jurisdiction over the case and "no final order exists."  *Matter of M-D-*, 24 I. & N. Dec. 138, 141 (BIA 2007); *see also Vakker v. Attorney General of U.S.*, 519 F.3d 143, 147 (3d Cir. 2008) (holding that when the BIA remands a case to the IJ for background checks pursuant to 8 C.F.R. § 1003.47(h), the IJ's decision following remand becomes the "final order" of removal).

Here, the BIA remanded for background checks and security investigation pursuant to  8 C.F.R. § 1003.47(h).  Thus, at the time Jalloh petitioned for review in this Court, the order of removal was not final and the Court lacked jurisdiction to consider the petition.  *See Matter of M-D-*, 24 I. & N. Dec. at 141.  However,  a premature petition for review from a non-final order of removal may be cured, and ripen into a valid petition for review, if a final order of removal has been entered by the time the

petition is heard, and the government suffers no prejudice. *See Herrera-Molina v. Holder*, 597 F.3d 128, 132 (2d Cir. 2010). The IJ issued an order of removal on March 13, 2013, and the government agrees that a final order now exists and the case is ripe for review. As a result, Jalloh's premature petition for review has now ripened into a valid petition for review which we may consider on the merits. *See Herrera-Molina*, 597 F.3d at 132.

II. Merits

An asylum applicant must demonstrate by clear and convincing evidence that she filed her application within one year after the date of arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). The law provides an exception to the one-year bar if the applicant demonstrates either changed or extraordinary circumstances. 8 U.S.C. § 1158(a)(2)(D). Under 8 U.S.C. § 1158(a)(3), no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). However, the Court retains jurisdiction to review constitutional claims and questions

4

of law. 8 U.S.C. § 1252(a)(2)(D). The "proper interpretation of the one-year deadline provision" presents a question of law, *see Joaquin-Porras v. Gonzales*, 435 F.3d 172, 178 (2d Cir. 2006), as does the application of an exception to the one-year filing deadline. *See Shi Jie Ge v. Holder*, 588 F.3d 90, 94 (2d Cir. 2009).

In this case, Jalloh raises two questions of law: (1) whether the agency used the proper legal standard to find that her original claim, based on her rape by rebels, was untimely; and (2) whether her claim based on forced female genital mutilation ("FGM") was subject to the one-year bar at all, given that the BIA reopened *sua sponte* because she demonstrated ineffective assistance of counsel. Because of agency errors, we remand.

## A. Original Asylum Application

Jalloh filed her asylum application in March 2000, prior to the 2005 REAL ID Act. Accordingly, pre-REAL ID Act law, including the requirements for credibility findings established in *Secaida-Rosales v. I.N.S.*, 331 F.3d 297 (2d Cir. 2003), applies to her testimony regarding her date of entry. *See Liang Chen v. U.S. Att'y Gen.*, 454 F.3d 103, 107 n.2 (2d Cir. 2006) (noting that *Secaida-Rosales* "remain[s]

5

good law with regard to asylum applications filed before May 11, 2005").

In pre-REAL ID Act cases, an adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding, and any discrepancy must be "substantial" when measured against the record as a whole. *See Secaida-Rosales*, 331 F.3d at 307. Inconsistencies need not be fatal if they are "minor and isolated," and the testimony is otherwise generally consistent, rational, and believable. *See Diallo v. INS*, 232 F.3d 279, 288 (2d Cir. 2000).

The IJ found Jalloh's testimony not credible regarding her date of entry based on three findings: (1) Jalloh testified she left Guinea on January 25, 1999, was on a boat for two weeks, and yet could not explain how that resulted in her arrival on February 10, 2000; (2) Jalloh testified in 2010 that she traveled to New York with two other stowaways, but in 2001 testified she traveled with t-shirt vendors, and her explanation was unconvincing; and (3) Jalloh testified in 2010 that she arranged to leave Guinea "upon a payment of money," but in 2001 testified that she traveled without paying any money. The BIA relied upon these same three findings. However, these discrepancies are not supported by

6

the record and are not "substantial" as required under *Secaida-Rosales*.

### B. Updated Asylum Application

Jalloh alleged that she entered the United States in 2000, and applied for asylum based on her forced FGM claim in 2009. She argues that the BIA's reopening of her proceedings *sua sponte* to present her FGM claim, and ineffective assistance of counsel, constitute extraordinary circumstances that toll the filing deadline. The government argues that the issue is unexhausted, as it was not raised before the BIA.

We generally require that petitioners raise to the BIA the specific issues they later raise in this Court. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004); *Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007). However, the Court has never held that a petitioner is limited to the "exact contours" of his argument to the agency. *Gill v. INS*, 420 F.3d 82, 85-86 (2d Cir. 2005). On the contrary, the Court has held that 8 U.S.C. § 1252(d)(1) does not prevent it from considering "specific, subsidiary legal arguments or arguments by extension," even if those arguments were not presented below. *Id*. at 86; *see also Restrepo v. McElroy*, 369 F.3d 627, 633 n.10 (2d Cir. 2004)

(stating that the Court "enjoy[s] broad discretion to consider subsidiary legal arguments that were not specifically raised below").  Here, we conclude that Jalloh's argument that she demonstrated an extraordinary circumstance tolling the one-year filing deadline is a subsidiary argument of her challenge to the agency's pretermission of her asylum application, and we deem the argument exhausted.

The BIA's 2008 order stated that it was reopening in an exercise of *sua sponte* authority "to resolve any issue regarding the relevant time and number bars" and held that Jalloh had demonstrated ineffective assistance of counsel. The BIA exercises *sua sponte* authority only in "extraordinary circumstances."  *See Johnson v. Ashcroft*, 378 F.3d 164, 171 n.8 (2d Cir. 2004).  Ineffective assistance of counsel can constitute an extraordinary circumstance.  *See* 8 C.F.R. § 1208.4(a)(5)(iii); *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 338 (2d Cir. 2006).  The BIA's very act of reopening *sua sponte* demonstrated an extraordinary circumstance that tolled the time for filing the claim.

8

For the foregoing reasons, the petition for review is GRANTED and the case is REMANDED to the BIA for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk