Abdalla v. Sessions

BIA
Straus, IJ
A099 564 450

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand seventeen.

PRESENT:
　　　BARRINGTON D. PARKER,
　　　RAYMOND J. LOHIER, JR.,
　　　SUSAN L. CARNEY,
　　　　　*Circuit Judges.*
_____

IMAN SHOUKRI NASHED ABDALLA,
　　　*Petitioner,*

　　v.　　　　　　　　　　　　　　　　　　**14-1164**
　　　　　　　　　　　　　　　　　　　　　**NAC**
JEFFERSON B. SESSIONS III,
ATTORNEY GENERAL,
　　　*Respondent.*
_____

FOR PETITIONER:　　　Elyssa N. Williams, Formica Williams, P.C., New Haven, CT.

FOR RESPONDENT:　　　Benjamin C. Mizer, Principal Acting Assistant Attorney General; John W. Blakeley, Assistant Director; Jason Wisecup, Christina J. Martin, Trial Attorneys, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order.

Petitioner Iman Shoukri Nashed Abdalla, a native and citizen of Egypt, seeks review of a March 25, 2014, decision of the BIA affirming the June 6, 2008, and June 5, 2012 decisions of an Immigration Judge ("IJ") denying Abdalla's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Iman Shoukri Nashed Abdalla,* No. A099 564 450 (B.I.A. Mar. 25, 2014), *aff'g* No. A099 564 450 (Immig. Ct. Hartford June 6, 2008 and June 5, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the BIA's decision as well as the IJ's 2008 and 2012 decisions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). Because the agency proceedings were reopened while the initial petition for review was pending, the initial decisions by the IJ and BIA were not subject to review until entry of the new final administrative order in 2014. *See* 8 U.S.C. § 1252(a)(1); *Chupina v. Holder*, 570 F.3d 99, 103 (2d Cir. 2009). We therefore have jurisdiction

2

to review the agency's initial determination that Abdalla failed to establish past persecution, as well as its subsequent rulings. The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The BIA has defined persecution as a "threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (B.I.A. 1985), *overruled in part on other grounds by INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987); *accord Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006). Past persecution can be based on harm other than threats to life or freedom, "includ[ing] non-life-threatening violence and physical abuse," *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006), but the harm must be sufficiently severe to rise above "mere harassment," *Ivanishvili*, 433 F.3d at 341. The difference between harassment and persecution is "necessarily one of degree that must be decided on a case-by-case basis." *Id*. We have explained that the "technique of addressing the severity of each event in isolation, without considering its cumulative significance," constitutes error. *See Poradisova v. Gonzales*, 420 F.3d 70, 79 (2d Cir. 2005).

3

Abdalla is correct that the agency failed to consider her incidents of past harm in the aggregate. Although the agency found that there was no evidence of a nexus between the incidents with the cab or bus drivers and Abdalla's Coptic Christian faith, the agency did not mention Abdalla's other alleged incidents of past harm in its past persecution analysis. Those additional incidents, which included robberies, sexual harassment, abductions, and forced (or attempted forced) conversions of family members to Islam, were significant. Although the IJ stated that Abdalla's claims "are very likely exaggerated," he did not make an adverse credibility determination or identify which of Abdalla's allegations of past harm were not supported by the country conditions evidence. The country conditions evidence does not flatly contradict Abdalla's claims, so the basis for the IJ's conclusion is not self-evident. Because the agency did not consider Abdalla's incidents of past harm in the aggregate and the IJ did not sufficiently explain its finding that her claims are likely exaggerated, we are unable to meaningfully review the agency's past persecution finding. *See Beskovic*, 467 F.3d at 227 (requiring analysis sufficient to enable meaningful judicial review). Remand is therefore required for the agency to more fully assess Abdalla's allegations of past harm. *See Tian-Yong*

4

*Chen v. U.S. INS*, 359 F.3d 121, 127-28 (2d Cir. 2004) (noting that remand is appropriate where the agency's decision "omit[s] potentially significant facts" so fundamental to the claim that "we are unable adequately to consider whether substantial evidence supports the BIA's determination").

The error in the past persecution analysis affected the remainder of the agency's decisions because past persecution entitles an asylum applicant to a presumption of a well-founded fear of future persecution.  8 C.F.R. § 1208.16(b)(1)(i)("If the applicant is determined to have suffered past persecution in the proposed country of removal on account of race, religion, nationality, membership in a particular social group, or political opinion, it shall be presumed that the applicant's life or freedom would be threatened in the future in the country of removal on the basis of the original claim.").  Accordingly, we do not reach the issue of any independent fear of future persecution as it is unclear whether Abdalla or the Government had the burden of proof.  *See Kyaw Zwar Tun v. U.S. INS*, 445 F.3d 554, 565 (2d Cir. 2006).

Given that the agency is required to consider Abdalla's past persecution and fear of future persecution in light of current country conditions, and given the significant passage of time since the agency's decision, the parties should be

5

permitted to update the country conditions evidence, including any relevant testimony. *See Secaida-Rosales v. INS*, 331 F.3d 297, 312-13 (2d Cir. 2003) (holding that because a significant amount of time had passed since the IJ's initial ruling, the record should be supplemented with evidence of current country conditions on remand), *superseded by statute in part on other grounds as recognized in Xiu Xia Lin v. Mukasey*, 534 F.3d 162 (2d Cir. 2008).

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk
